IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK JOSEPH THIBODEAUX,

      Petitioner,

 vs.                                                  NO. 11cv1043 MV/WDS

ANTHONY ROMERO, Warden and
GARY K. KING, Attorney General of
the State of New Mexico,

      Respondents

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

    This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Patrick Thibodeaux. Thibodeaux is acting *pro se*. Respondents filed a response in opposition to the Petition. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied. The court makes the following findings and recommended disposition.

### CLAIMS

    Petitioner seeks relief on the following grounds:

1. The sentence imposed was excessive, the bond imposed was excessive, and prior felony convictions from Texas were used to enhance his sentence.

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. Ineffective assistance of counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner entered into a no contest Plea and Disposition Agreement on July 1, 2008, and was sentenced on November 18, 2008 for the following crimes: Count 1: Trafficking controlled substances, to wit: cocaine (possession with intent), a second degree felony; Count 2: Conspiracy, a third degree felony; Count 5: Resisting, evading or obstructing an officer, a misdemeanor; and, Count 6: Forfeiture, a civil forfeiture. Counts 3 and 4 were dismissed by the State pursuant to the Plea and Disposition Agreement. Petitioner had four prior felony convictions in the state of Texas, which resulted in a sentence enhancement of eight years. Petitioner was sentenced to a total incarceration term of seventeen years. A final Judgment and Sentence/Commitment to Penitentiary was filed on January 20, 2010.

Petitioner filed a Motion to Amend Judgment and Sentence in state court on June 3, 2011. The motion was denied on June 7, 2011. On August 24, 2011 Petitioner filed a state petition for habeas corpus. That petition was denied on September 29, 2011. No certiorari petition was filed with the state Supreme Court. The instant petition was filed on November 21, 2011.

## STANDARD OF REVIEW

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies. Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996.

(AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. §2244(d)(1). The limitation period runs from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). Petitioner's final judgment was filed on January 20, 2010, and became final thirty days later on February 19, 2010. The one-year limitations period began to run on that date, and expired on February 19, 2011. This petition was not filed until approximately nine months later.

§2244 also contains a provision that establishes a tolling period under certain circumstances. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection." However, Petitioner did not file his motion to amend judgment until June 2011, and did not file a state habeas petition until August 24, 2011, well after the one-year AEDPA limitations period had expired.

The filing of a State habeas petition or other collateral review tolls the limitations period, it does not restart the one-year clock. *McCall v. Wyo. AG*, 339 Fed. Appx. 848, 849 (10th Cir.

2009). Accordingly, the instant Petition is barred, since the one-year statute of limitations period expired on February 19, 2011. In light of the fact that the pleading is time barred, the Court declines to address the merits of the Petition.

## RECOMMENDED DISPOSITION

The Court recommends that Patrick Joseph Thibodeaux's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**